UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HARDY EXPLORATION & PRODUCTION
(INDIA), INC.,

1209 Orange Street
Wilmington, DE 19801

                                        Petitioner,

            - against -

GOVERNMENT OF INDIA, MINISTRY OF
PETROLEUM AND NATURAL GAS,

Shastri Bhavan
Dr. Rajendra Prasad Marg
New Delhi 110001
India

                                        Respondent.

Case No. _____

**PETITION TO CONFIRM
ARBITRATION AWARD**

Petitioner Hardy Exploration & Production (India), Inc. ("HEPI"), a Delaware

corporation, by and through its attorneys, Hughes Hubbard & Reed LLP, pursuant to the Federal

Arbitration Act, 9 U.S.C. § 207, seeks to confirm the entirety of the arbitration award rendered

by an arbitral tribunal in Kuala Lumpur, Malaysia, on February 2, 2013  (the "Award"), and in

support thereof alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Petitioner HEPI is a corporation organized and existing under the laws of

Delaware.

2.      Respondent is the Government of India ("GOI" or "Government"), acting through

its Ministry of Petroleum and Natural Gas ("Ministry").

3.     This Court has original jurisdiction over this proceeding under 28 U.S.C.

§ 1330(a) and 9 U.S.C. § 203, in that the subject matter of this proceeding relates to an

arbitration award falling under the United Nations Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the

"Convention"), implemented at 9 U.S.C. § 201 *et seq*.  Because this proceeding is an action to

confirm an award under 28 U.S.C. § 1605(a)(6), Respondent is not exempt from the court's

jurisdiction on sovereign immunity grounds.

4.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(f)(4).

## Facts[1]

5.     The Award resolved a dispute between the parties arising under HEPI's

participation in a Production Sharing Contract ("PSC") with the Government of India.  The PSC

involves the exploration of an off-shore block called CY-OS/2 (the "Block"), located in the

Cauvery Basin off of India's south-eastern shore, for hydrocarbon resources.  A true and correct

certified copy of the PSC is attached as Exhibit 2 to the Declaration of Ian MacKenzie dated

January 27, 2016.

6.     The PSC was originally entered into on November 19, 1996 between the

"President of India, acting through the Joint Secretary, Ministry of Petroleum and Natural Gas"

(referred throughout the agreement as the "Government"), India's state-owned oil exploration

and production company, and three private companies.  The PSC sets forth in detail, among other

things, the rights and obligations of the parties vis-à-vis various phases of exploration,

---

1.  These facts are set forth in greater detail in Petitioner's concurrently filed Memorandum of Law in Support of
    Petition to Confirm Arbitration Award and Declaration of Ian MacKenzie.

procedures in the event of commercial discovery, as well the terms of any commercial development and sale of hydrocarbons extracted from the Block.  The PSC provides for the arbitration of any disputes arising under the contract.  It provides that the place of the arbitration would be Kuala Lumpur, Malaysia.

7.      Although HEPI was not amongst the companies which originally entered into the PSC with the GOI, it first acquired an interest in the Block in 1997, and held a 75% interest share at all relevant times to the underlying dispute.

8.      After significant expense and investment in the project and several years of exploration work, HEPI eventually made a discovery of natural gas.  Under the PSC, the nature of the discovery permitted HEPI a five-year period to appraise the discovery for commercial viability.  The Government, however, arbitrarily and unilaterally decided that the discovery was in fact crude oil and subject to a two-year appraisal period.  On the basis of this decision, it illegally revoked HEPI's interests under the PSC.

9.      Unable to resolve the dispute amicably, HEPI commenced arbitration proceedings pursuant to the terms of Article 33 of the PSC and nominated the Honorable Mr. Justice V.N. Khare to serve as a party-appointed arbitrator.  In response, the Government nominated the Honorable Mr. Justice G.B. Patnaik, and the two party-appointed arbitrators nominated the Honorable Mr. Justice S.P. Bharucha to serve as the presiding arbitrator.  All three members of this Tribunal are former Chief Justices of the Supreme Court of India.

10.     After the Tribunal was duly constituted, a preliminary hearing was held on August 27, 2010 and the parties submitted their pleadings and evidence thereafter.  At the Government's request, the Tribunal first considered preliminary questions to establish whether

the dispute itself was arbitrable and properly within the Tribunal's jurisdiction. These questions were resolved unanimously in favor of HEPI in a reasoned order issued on May 28, 2011.

11.     In the course of the proceedings, both parties also presented witnesses who were subject to cross-examination. HEPI presented two expert witnesses to support its argument that the discovery at the Block was natural gas, not crude oil; the Government did not produce any expert testimony to the contrary. Arguments were heard before the Tribunal on August 20-22, 2012 in Kuala Lumpur, Malaysia.

12.     On February 2, 2013, in Kuala Lumpur, Malaysia, the Tribunal issued a unanimous 43-page Award deciding in HEPI's favor. A true and correct certified copy of the Award is attached as Exhibit 1 to the Declaration of Ian MacKenzie dated January 27, 2016. With respect to the key issue, the Tribunal concluded that "the nature of the discovery in the Block CY-OS/2 would unequivocally qualify under the term of the [PSC] as Non Associated Natural Gas." The Tribunal also found that HEPI was erroneously "denied the time provided for in the contract for appraisal and to come to the conclusion about the commerciality of the discovery." As a result, the Tribunal deemed the forced relinquishment of HEPI's interest in the Block illegal. To remedy the Government's unlawful conduct, the Tribunal declared the relinquishment null and void, ordered HEPI's interest in the Block to be restored, and granted HEPI three years from the date of restoration to continue an appraisal of commerciality subject to the PSC's requirements.

13.     The Tribunal also ordered compensation to be paid to HEPI for the unlawful deprivation of its rights. Compensation was determined based on the application of a running formula in relation to the amount HEPI invested in the project and the duration of time that HEPI

remains deprived of its interest in the Block.[2]  The Tribunal further ordered the Government to pay apportioned costs of the arbitration.

14.     The Award represents a complete and final determination of all claims submitted by the parties to the Tribunal.  Less than three years has expired since the date of delivery of the Award by the tribunal to the parties, and the Award has not been vacated or modified since issued.  Indeed, the Government has never challenged the Award in Malaysia, the sole jurisdiction with authority to vacate the Award.

15.     On or about July 19, 2013, the Government filed a petition in Delhi High Court attempting to nullify the Award.  On November 27, 2013, HEPI also filed a petition to enforce the Award in Delhi High Court.  After the submission of both parties' pleadings and a number of procedural delays, the Government's petition was dismissed by the Delhi High Court on July 9, 2015.  The Government subsequently filed a review appeal of that dismissal but this too was rejected by the Delhi High Court on January 20, 2016.  The Delhi High Court has not ruled on HEPI's petition to enforce the Award in India.

WHEREFORE, Petitioner HEPI respectfully requests that the Court enter an order, pursuant to 9 U.S.C. § 207, (i) confirming the Award in its entirety, (ii) directing that judgment be entered confirming the Award, as well as (iii) such other and further relief as the Court deems just and proper.

---

2.  During the arbitration, the amount invested to date by HEPI was established at Rs. 500 crores (Rs 1 crores equals Rs 10,000,000).  Based on the current Rs/USD exchange rate, which HEPI reserves the right to update after confirmation of the Award, this amount would translate into approximately $74 million.

Dated:  Washington, D.C.
        January 28, 2016

                                         HUGHES HUBBARD & REED LLP


                                         By:    /s/ *James H. Boykin*
                                                James H. Boykin

                                         1775 I Street, N.W., Suite 600
                                         Washington, D.C. 20006
                                         (202) 721-4751
                                         james.boykin@hugheshubbard.com

                                         *Attorneys for Petitioner Hardy Exploration*
                                         *& Production (India), Inc.*

TO:     Government of India,
        Ministry of Petroleum and Natural Gas
        Shastri Bhavan
        Dr. Rajendra Prasad Marg
        New Delhi 110001
        India

        *Respondent Government of India,*
        *Ministry of Petroleum and Natural Gas*